UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC HELD,<br><br>    Plaintiff,<br>v.<br><br>SCOTT SILVER and SILVER AND ASSOCIATES, LLC,<br><br>    Defendants. | 3:10-cv-00992 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

**I.**  **INTRODUCTION**

  In this action for breach of contract and related clams, motions are currently pending on behalf of Plaintiff Eric Held (hereinafter "Plaintiff") to strike the individual Defendant Scott Silver's counterclaim for libel per se, to compel discovery, and to move the Court for sanctions against Defendants Scott Silver and Silver and Associates, LLC (hereinafter collectively "Defendants"). Plaintiff's Amended Complaint, filed on October 28, 2010, alleges as a basis for subject matter jurisdiction in this Court a complete diversity of citizenship between the parties as of that date. [Doc. 18] at ¶ 4. Plaintiff also alleges that subject matter jurisdiction is present "pursuant to 28 U.S.C. § 1343," a statute which pertains to civil rights actions. *Id.* However, as none of the six causes of action which Plaintiff brings against Defendants in Plaintiff's Amended Complaint – i.e., breach of contract; fraud; failure to pay wages in violation of C.G.S.A. § 31-72; unjust enrichment; *quantum meruit*; and promissary estoppel, *see* [Doc. 18] at ¶¶ 61-114 – are related to civil rights, it appears

that the sole means by which Plaintiff can establish subject matter jurisdiction is diversity of citizenship.

Decision on the pending motions is accordingly deferred until the existence *vel non* of the Court's subject matter jurisdiction is clarified. Clarification is required because the Amended Complaint does not sufficiently allege complete diversity of citizenship.

As for the individual parties, ¶ 1 of the Amended Complaint alleges that Plaintiff Eric Held "resides at 1411 N Harper Avenue #5, West Hollywood, California 09946 and is a citizen of the State of California." ¶ 2 alleges that Defendant Scott Silver "resides at 12 Baldwin Farms South, Greenwich, Connecticut and is a citizen of the State of Connecticut." These allegations may reasonably be read to say that the individual parties are *citizens* of the specified states solely because they are *residents* of those states. That assertion is insufficient in law, because for purposes of diversity jurisdiction residence and citizenship are not synonymous.

As for the second Defendant, Silver and Associates, LLC, the Amended Complaint alleges at ¶ 3 that this entity "is a closely[] held limited liability corporation founded and at all relevant times controlled exclusively by Defendant Scott Silver, located and operating out of Scott Silver's home at 12 Baldwin Farms South, Greenwich, Connecticut 06831 ... with a mailing address of P.O. Box 7855, Greenwich, Connecticut 06836." The Amended Complaint also alleges at ¶ 2 that "Defendant Scott Silver is the Chairman, sole member and full owner of [Defendant] Silver and Associates, LLC."

The Amended Complaint's failure to sufficiently allege the parties' diversity of citizenship is clearly established by authority that, while by now familiar, is nonetheless often disregarded by counsel, as did counsel for Plaintiff in the case at bar.

## II.     SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005)

3

("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is June 24, 2010, the date on which Plaintiff's initial Complaint, [Doc. 1], was filed.

Assuming that while the Amended Complaint states that Defendant Silver and Associates, LLC is a limited liability *corporation*, [Doc. 18] at ¶ 3, Plaintiff had intended to state that this Defendant is in fact a limited liability *company*, as the inclusion of "LLC" in its name would suggest, Plaintiff's statement that Defendant Silver and Associates, LLC has only one member, Defendant Scott Silver, would be sufficient to establish that for purposes of diversity this Defendant has the same citizenship as that of Defendant Scott Silver so long as Defendant Scott Silver was Defendant Silver and Associate LLC's sole member on June 24, 2010. A limited liability company's "citizenship for diversity purposes ... [is] the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Therefore assuming that Defendant Silver and Associates *is* a limited liability company, the Court need not look to "the state in which [this Defendant] is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citation omitted); *see also, e.g., Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011); *Marks Group, LLC v. Schiciano*, No. 3:10-CV-01898, 2011 WL 6816552 at *2 (D. Conn. 2011). If it is indeed the case that on June 24, 2010 Defendant Scott Silver was the sole member of

Defendant Silver and Associates, LLC, then Defendant Silver and Associates, LLC's citizenship for diversity purposes is determined by the citizenship of Defendant Scott Silver on that date.

Plaintiff's statements concerning both his own citizenship and Defendant Scott Silver's citizenship, however, fall short of demonstrating the Court's subject matter jurisdiction for the following reasons.

Plaintiff alleges in his Amended Complaint that he "*resides* at 1411 N Harper Avenue #5, West Hollywood, California 90046" and states in a conclusory fashion that he "is a citizen of the State of California." [Doc. 18] at ¶ 1 (emphasis added). Plaintiff's Amended Complaint also alleges that "Defendant Scott Silver *resides* at 12 Baldwin Farms South, Greenwich, Connecticut 06831" and states in a conclusory fashion that he is therefore "a citizen of the State of Connecticut." *Id.* at ¶ 2 (emphasis added). However, an individual's *citizenship* for diversity purposes is determined by his or her *domicile*, not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

The differences between a domicile and a residence are straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, the

United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*

Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). While Plaintiff has in his Complaint alleged *residency* of himself and Defendant Scott Silver, he has not established either party's *citizenship*. For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former. *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925). Accordingly, the citizenship of all parties to this action must be confirmed.

### III.   CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both his own citizenship and the citizenship of Defendant Scott Silver for diversity purposes as of the date this action was commenced by the filing of Plaintiff's initial Complaint, [Doc. 1], i.e., June 24, 2010. If counsel for Plaintiff require discovery from Defendants on this jurisdictional question, the Court will on motion make an appropriate Order. The Court also ORDERS Plaintiff to establish, by affidavit, that Silver and Associates, LLC is indeed a limited liability *company*, and that its sole member on June 24, 2010 was Defendant Scott Silver.

Plaintiff shall file and serve such affidavit regarding citizenship on or before **Tuesday,**

**October 15, 2013.**  All case deadlines shall be stayed pending the Court's review of this affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

      It is SO ORDERED.

Dated: New Haven, Connecticut
September 23, 2013

                                              */s/ Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge